judiciary act of 1789 (1 Stat. 92), embraces within its provisions those statutes of the several states which prescribe rules of evidence in civil cases, in trials at common law. The same principle is confirmed in Sims v. Hundley, 6 How. [47 U. S.] 1, 6. This doctrine is now followed in this circuit, in common law cases, in all instances where the statutes of the state render evidence competent which would be inadmissible under the rules of the common law, whether the state statute be or be not enacted subsequently to the passage of the judiciary act. The 390th section of the Code of Procedure of the State of New York provides, that "a party to an action may be examined as a witness, at the instance of an adverse party, or of any one of several adverse parties, and, for that purpose, may be compelled in the same manner, and subject to the same rules of examination, as any other witness, to testify either at the trial, or conditionally, or upon commission." Supposing the reference in the present case to have been legally instituted, the defendant was bound to obey the subpoena, and the cause he offers in excuse is no protection to him against the mandate. An order against the defendant for contempt of court may, accordingly, be entered and enforced against him, unless, at the adjourned day appointed for the hearing before the referee, he appears and submits himself to examination as a witness.

THE COURT nem. con. was of opinion that this was an original undertaking, and that the consideration need not be in writing. Judgment for the plaintiff.

## Case No. 5,003.
FOWLER v. REDFIELD.
Circuit Court, S. D. New York. Oct. 23, 1862.

[Before NELSON, Circuit Justice.]

## Case No. 5,002.
FOWLER v. MacDONALD.
[4 Cranch, C. C. 297.] [1]
Circuit Court, District of Columbia. March Term, 1833.

## Case No. 5,004.
FOWLER v. WARFIELD.
[4 Cranch, C. C. 71.] [1]
Circuit Court, District of Columbia. May Term, 1830.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]